STATE OF NORTH CAROLINA v. KENNETH CAMPBELL

No. 14

(Filed 11 October 1972)

1. Criminal Law § 149— dissent in Court of Appeals — right of State to appeal

The aggrieved party, whether the State or the defendant, may appeal to the Supreme Court as of right from any decision of the Court of Appeals in which there is a dissent. G.S. 7A-30(2).

2. Searches and Seizures § 3— probable cause defined

Probable cause means a reasonable ground to believe that the proposed search will reveal the presence upon the premises to be searched of the objects sought and that those objects will aid in the apprehension or conviction of the offender. G.S. 15-25(a).

3. Searches and Seizures § 3— search warrant — necessity of affidavit

An affidavit signed under oath or affirmation by the affiant and indicating the basis for the finding of probable cause by the

State v. Campbell

issuing magistrate must be a part of or attached to the warrant. G.S. 15-26(b).

**4. Searches and Seizures § 3— affidavit based on hearsay — necessity of setting out underlying facts or circumstances**

The affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant; but the affidavit in such case must contain some of the underlying circumstances from which the affiant's informer concluded that the articles sought were where the informer claimed they were, and some of the underlying circumstances from which the affiant concluded that the informer, whose identity need not be disclosed, was credible and his information reliable.

**5. Searches and Seizures § 3— description of premises — insufficiency of affidavit to support warrant**

An affidavit describing premises rented by defendant and detailing the existence of arrest warrants for defendant and two others on charges of possession and sale of narcotics was insufficient to support the issuance of a search warrant for the premises in that the affidavit revealed no underlying facts and circumstances from which the issuing officer could find that probable cause existed to search the premises described, but the affidavit implicated the premises solely as a conclusion of the affiant.

**6. Searches and Seizures § 3— sufficiency of affidavit — implication of described premises**

An affidavit must supply reasonable cause to believe that the proposed search for evidence of the commission of the designated criminal offense will reveal the presence *upon the described premises* of the objects sought and that they will aid in the apprehension or conviction of the offender.

**7. Criminal Law § 84— admissibility of evidence of LSD tablets — insufficient affidavit to support warrant**

Evidence of 289 LSD tablets found in defendant's apartment was improperly admitted where such evidence was obtained as a result of a search warrant issued upon an affidavit insufficient to establish probable cause for a search of the described premises.

ON appeal and *certiorari* to review decision of the Court of Appeals, 14 N.C. App. 493, 188 S.E. 2d 560.

The bill of indictment charged defendant with the unlawful possession of 289 LSD tablets in his residence on Highway 55 near Coats, North Carolina, on 20 May 1971.

The State's evidence tends to show that at 7:30 p.m. on 19 May 1971 a search warrant was obtained; and at approximately 6:00 a.m. on 20 May 1971, SBI agents searched defendant's residence located on Highway 55 near Coats, occupied by him

and two other men, and found 289 LSD tablets in the freezer compartment of a refrigerator in the kitchen.

In apt time defendant challenged the competency of this evidence on the ground that the search warrant was invalid because the affidavit upon which the warrant was obtained failed to show probable cause for the issuance of a warrant to search the premises described. Following a voir dire examination, the trial court held the affidavit sufficient, the search warrant valid, and the fruits of the search competent. The evidence was then admitted over defendant's objection.

Defendant offered no evidence.

The jury found defendant guilty as charged, and from judgment imposing a prison sentence the defendant appealed. The Court of Appeals held that the affidavit failed to show probable cause for issuance of a warrant to search the premises in question and awarded defendant a new trial, Britt, J., dissenting.

On the basis of Judge Britt's dissent the State gave notice of appeal to the Supreme Court as a matter of right, G. S. 7A-30(2), and alternatively petitioned for certiorari in the event it should be held that the State could not appeal. We granted certiorari pending resolution of that question.

*Robert Morgan, Attorney General, and Henry E. Poole, Associate Attorney, for the State of North Carolina, appellant.*

*Woodall, McCormick & Arnold by Edward H. McCormick, Attorney for defendant appellee.*

HUSKINS, Justice.

[1] May the State appeal from a decision of the Court of Appeals in which there is a dissent?

When the General Assembly created the North Carolina Court of Appeals as a part of the appellate division of the General Court of Justice, it enacted a system of appeals to accommodate the existence of two appellate courts in the appellate division. G.S. 7A-30 is a part of that system and reads as follows:

> "*Appeals of right from certain decisions of the Court of Appeals.*—Except as provided in § 7A-28 [pertaining to

post conviction hearings], from any decision of the Court of Appeals rendered in a case

(1) Which directly involves a substantial question arising under the Constitution of the United States or of this State, or

(2) In which there is a dissent, or

(3) Which involves review of a decision of the North Carolina Utilities Commission in a general rate-making case, an appeal lies of right to the Supreme Court."

By this enactment "the General Assembly of North Carolina intended to insure a review by the Supreme Court of questions on which there was a division in the intermediate appellate court. . . . " *Hendrix v. Alsop,* 278 N.C. 549, 180 S.E. 2d 802 (1971). North Carolina is a "double appeal" state (first to the Court of Appeals and then to the Supreme Court) as a matter of right in cases (1) involving a substantial constitutional question, or (2) in which there is a dissent in the Court of Appeals, or (3) involving review of a decision of the North Carolina Utilities Commission in a general rate-making case. *State v. Colson,* 274 N.C. 295, 163 S.E. 2d 376 (1968). Thus the aggrieved party, whether the State or the defendant, may appeal to the Supreme Court as of right from any decision of the Court of Appeals in which there is a dissent. G.S. 7A-30(2). Had the General Assembly intended to limit double appeals in criminal cases to the defendant only, we think it would have said so.

We now turn to the basic question posed: Was the search warrant in this case issued upon a showing of probable cause to search the house in which defendant resided? If so, the search warrant was valid and the fruits of the search were competent evidence; otherwise not. G.S. 15-27(a); *State v. Colson, supra* (274 N.C. 295, 163 S.E. 2d 376); *Mapp v. Ohio,* 367 U.S. 643, 6 L.Ed. 2d 1081, 81 S.Ct. 1684 (1961).

Statutory and constitutional provisions relating to search warrants prohibit their issuance except upon a finding of probable cause for the search. U.S. Const. amend. IV; G.S. 15-25(a).

[2] Probable cause, as used in the Fourth Amendment and G.S. 15-25(a), means a reasonable ground to believe that the

proposed search will reveal the presence upon the premises to be searched of the objects sought and that those objects will aid in the apprehension or conviction of the offender. *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755 (1971).

Probable cause "does not mean actual and positive cause, nor does it import absolute certainty. The determination of the existence of probable cause is not concerned with the question of whether the offense charged has been committed in fact, or whether the accused is guilty or innocent, but only with whether the affiant has reasonable grounds for his belief. If the apparent facts set out in an affidavit for a search warrant are such that a reasonably discreet and prudent man would be led to believe that there was a commission of the offense charged, there is probable cause justifying the issuance of a search warrant." 47 Am. Jur., Searches and Seizures, § 22.

[3] An affidavit signed under oath or affirmation by the affiant and indicating the basis for the finding of probable cause by the issuing magistrate must be a part of or attached to the warrant. G.S. 15-26 (b).

[4] The affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant; but the affidavit in such case must contain some of the underlying circumstances from which the affiant's informer concluded that the articles sought were where the informer claimed they were, and some of the underlying circumstances from which the affiant concluded that the informer, whose identity need not be disclosed, was credible and his information reliable. *State v. Vestal, supra; Spinelli v. United States,* 393 U.S. 410, 21 L.Ed. 2d 637, 89 S.Ct. 584 (1969) ; *Aguilar v. Texas,* 378 U.S. 108, 12 L.Ed. 2d 723, 84 S.Ct. 1509 (1964) ; *Jones v. United States,* 362 U.S. 257, 4 L.Ed. 2d 697, 80 S.Ct. 725, 78 A.L.R. 2d 233 (1960).

Whether the affidavit is sufficient to show probable cause must be determined by the issuing magistrate rather than the affiant. This is constitutionally required by the Fourth Amendment. *Johnson v. United States,* 333 U.S. 10, 92 L.Ed. 436, 68 S.Ct. 367 (1948).

[5] The affidavit upon which the search warrant in this case was obtained reads in pertinent part as follows:

State v. Campbell

"Peter Michael Boulus, Special Agent; N. C. State Bureau of Investigation; being duly sworn and examined under oath, says under oath that he has probable cause to believe that Kenneth Campbell; M. K. Queensberry and David Bryan has on his premises certain property, to wit: illegally possessed drugs (narcotics, stimulants, depressants), which constitutes evidence of a crime, to wit: possession of illegal drugs . . . .

The property described above is located on the premises described as follows: a one story white frame dwelling .9 miles from the Coats city limits on Hwy. 55 west toward Angier; on the right side of the hwy. directly across from Ma's Drive In also known as Bill's Drive-in. The facts which establish probable cause for the issuance of a search warrant are as follows: (See attached Affidavit) . . . .

### AFFIDAVIT

Affiant is holding arrest warrants charging Kenneth Campbell with sale of Narcotics on April 16, 1971 and possession of narcotics on April 16, 1971 and April 28, 1971.

Affiant is holding arrest warrants on M. D. Queensberry for sale of narcotics on April 16, 1971, April 28, 1971 and April 29, 1971. Also affiant has four arrest warrants charging Queensberry with four counts of possession of Narcotics.

Affiant is holding arrest warrants charging David Bryan with sale and possession of narcotic drugs on April 1, 1971.

All of the above subjects live in the house across from Ma's Drive-in on Hwy. 55. They all have sold narcotics to Special Agent J. M. Burns of the SBI and are all actively involved in drug sales to Campbell College students; this is known from personal knowledge of affiant, interviews with reliable confidential informants and local police officers.

The house is owned by Macia Walker and leased to Kenneth Campbell who also pays the utility bills."

Probable cause cannot be shown "by affidavits which are purely conclusory, stating only the affiant's or an informer's

belief that probable cause exists without detailing any of the 'underlying circumstances' upon which that belief is based. . . . Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police." *United States v. Ventresca*, 380 U.S. 102, 13 L.Ed. 2d 684, 85 S.Ct. 741 (1965). The issuing officer "must judge for himself the persuasiveness of the facts relied on by a complaining officer to show probable cause. He should not accept without question the complainant's mere conclusion. . . ." *Giordenello v. United States*, 357 U.S. 480, 2 L.Ed. 2d 1503, 78 S.Ct. 1245 (1958).

In *Nathanson v. United States,* 290 U.S. 41, 78 L.Ed. 159, 54 S.Ct. 11 (1933), the United States Supreme Court laid down the following rule: "Under the Fourth Amendment, an officer may not properly issue a warrant to search a private dwelling unless he can find probable cause therefor from *facts or circumstances* presented to him under oath or affirmation. Mere affirmance of suspicion or belief is not enough." (Emphasis added.)

Tested by the constitutional principles stated above, the affidavit in this case is fatally defective. It details no underlying facts and circumstances from which the issuing officer could find that probable cause existed *to search the premises described.* The affidavit implicates those premises *solely as a conclusion of the affiant.* Nowhere in the affidavit is there any statement that narcotic drugs were ever possessed or sold in or about the dwelling to be searched. Nowhere in the affidavit are any underlying circumstances detailed from which the magistrate could reasonably conclude that the proposed search would reveal the presence of illegal drugs in the dwelling. The inference the State seeks to draw from the contents of this affidavit—that narcotic drugs are illegally possessed on the described premises—does not reasonably arise from the facts alleged. Therefore, nothing in the foregoing affidavit affords a reasonable basis upon which the issuing magistrate could conclude that any illegal possession or sale of narcotic drugs had occurred, or was occurring, on the premises to be searched.

[6] Nowhere has either this Court or the United States Supreme Court approved an affidavit for the issuance of a search warrant that failed to implicate the premises to be searched. *See, e.g., United States v. Harris,* 403 U.S. 573, 29 L.Ed. 2d

State v. Campbell

723, 91 S.Ct. 2075 (1971); *Rugendorf v. United States,* 376 U.S. 528, 11 L.Ed. 2d 887, 84 S.Ct. 825 (1964); *Jones v. United States, supra* (362 U.S. 257, 4 L.Ed. 2d 697, 80 S.Ct. 725); *State v. Bullard,* 267 N.C. 599, 148 S.E. 2d 565 (1966).

We spoke on the question in *State v. Vestal, supra* (278 N.C. 561, 180 S.E. 2d 755), in the following language: "The affidavit is sufficient if it supplies reasonable cause to believe that the proposed search for evidence of the commission of the designated criminal offense will reveal the presence *upon the described premises* of the objects sought and that they will aid in the apprehension or conviction of the offender." (Emphasis added.) And, in *Dumbra v. United States,* 268 U.S. 435, 69 L.Ed. 1032, 45 S.Ct. 546 (1925), the United States Supreme Court said that there must be "reasonable grounds at the time of . . . issuance of the warrant for the belief that the law was being violated *on the premises to be searched. . . .*" (Emphasis added.)

Furthermore, other jurisdictions have uniformly held that the failure of the affidavit to establish reasonable grounds to believe that the crime was occurring on the premises to be searched invalidates the warrant issued thereon. *See People v. Massey,* ____ Colo. ____, 495 P. 2d 1141 (1972), where it was held that an affidavit stating that an informant was present when defendant Massey sold marijuana did not in any way link such activities to Massey's apartment and that the affidavit therefore failed to establish probable cause for a search of his apartment. *See also Barker v. State,* 241 So. 2d 355 (Miss. 1970); *State v. Kline,* 42 N.J. 135, 199 A. 2d 650 (1964). *Cf. People v. Brethauer,* 174 Colo. 29, 482 P. 2d 369 (1971).

[7] In light of the authorities cited, and for the reasons stated, we hold that the affidavit in this case did not provide a sufficient basis for a finding of probable cause to search the premises described in the warrant and that the evidence obtained as a result of the search warrant was inadmissible in the trial below.

The decision of the Court of Appeals awarding defendant a new trial is

Affirmed.