STATE OF NORTH CAROLINA v. FRED CARROLL CRISP III AND CAROLYN FRANCES MOTTINGER

No. 7320SC552

(Filed 19 September 1973)

**Searches and Seizures § 3— search warrant — insufficient affidavit — evidence seized inadmissible**

 In a prosecution for possession of marijuana with intent to distribute, the affidavit was insufficient to support issuance of a search warrant where it detailed no underlying facts and circumstances from which the issuing officer could conclude that any illegal possession or sale of narcotic drugs had occurred or was occurring on the premises to be searched, but implicated those premises solely as a conclusion of the affiant; therefore, evidence obtained as a result of the search under the warrant was inadmissible.

APPEAL from *Chess, Special Judge,* 12 March 1973, Special Session, UNION County Superior Court.

The defendants were tried and convicted of the felony of possessing marijuana with intent to distribute same. From a judgment entered thereon, which was suspended upon certain conditions, the defendants appealed.

*Attorney General Robert Morgan by Associate Attorney E. Thomas Mattox, Jr., for the State.*

*Casey and Daly, P.A., by George S. Daly, Jr., and W. G. Jones for the defendants.*

CAMPBELL, Judge.

The defendants assert that the marijuana found in the home where they resided was illegally obtained by an inadequate search warrant. The search warrant was issued upon an affidavit of Deputy Sheriff Roy Chaney. Deputy Sheriff Chaney testified that he did not acquaint the magistrate who issued the search warrant with any information other than as contained in the affidavit.

The question presented therefore is whether the affidavit to obtain a search warrant was adequate. If it was not adequate, then the search warrant was improperly issued and the evidence obtained thereby would be incompetent. *State v. Colson,* 274 N.C. 295, 163 S.E. 2d 376 (1968); *Mapp v. Ohio,* 367 U.S. 643, 6 L.Ed. 2d 1081, 81 S.Ct. 1684 (1961).

The affidavit in question reads as follows:

"Roy Chaney, Deputy Sheriff, Union County, NC; being duly sworn and examined under oath, says under oath that he has probable cause to believe that Chip Chrisp [*sic*] has on his premises certain property, to wit: Marijuana, Herion, [*sic*] LSD and any other Controlled sub. the possession of which is a crime, to wit: Possession of Controlled Substances, 12-19-72, Rt 2 Marshville, NC. The property described above is located on his premises described as follows: one story whitee [*sic*] frame house, first house on right on RPR 1629 headed North, off of RPR 1627 toward NC 218. The facts which establish probable cause for the issuance of a search warrant are as follows: on 12-19-72 Deputy Roy Chaney, Union County Sheriff Dept. stopped Dana Michael Conlon for improper Equopment, [*sic*] to wit: no lights on vehicle, and after placing Dana Michael Conlon in his, Deputy Chaney's vehicle, he smelled the strong odor of what he believes to be Marijuana. Upon searching Dana M. Conlon, deputy Chaney found over five grams of Marijuana, and upon searching the vehicle that Dana M. Conlon was operating, deputy Chaney found over five more grams of Marijuana.    Further investigation by deputy Chaney revealed that Dana M. Conlon has been living at the above location for the passed [*sic*] three or four months. During the passed [*sic*] three or four months deputy Chaney has been observing

heavy traffic· eterning [*sic*] and leaving the above de-
scribed location. Deputy Chaney states also, that various
vehicles, cars and trucks, are in and out at various times
of the day and night. But mostly at night. After stopping
Dana M. Conlon and finding Controlled Substances on his
person and in his vehicle, and after personally observing
the various traffic in and out of the above described loca-
tion, it is the belief of this affiant that drugs are being
contained in the above location.

                                         s/ ROY CHANEY
                                            Signature of Affiant

Sworn and subscribed to before me
this 19 day of December, 1972.

s/ BETTY R. BOSHNYAK
   Magistrate"

We do not think the affidavit was sufficient and adequate
to justify the issuance of the search warrant.

A search warrant may be issued only upon a finding of
probable cause for the search. This means a reasonable ground
to believe that the proposed search will reveal the presence
upon the premises to be searched of the object sought and that
such object will aid in the apprehension or conviction of the
offender. *State v. Vestal*, 278 N.C. 561, 180 S.E. 2d 755
(1971). The affidavit must contain some of the underlying cir-
cumstances from which the issuing magistrate can determine
the probable cause. The affidavit in this case is fatally defec-
tive. It details no underlying facts and circumstances from
which the issuing officer could find that probable cause existed
to search the premises described. The affidavit implicates those
premises solely as a conclusion of the affiant. Nowhere in the
affidavit is there any statement that marijuana was ever pos-
sessed or sold in or about the dwelling to be searched. Nowhere
in the affidavit are any underlying circumstances detailed from
which the magistrate could reasonably conclude that the pro-
posed search would reveal the presence of any illegal drug in
the dwelling. The inference the State seeks to draw from the
contents of this affidavit does not reasonably arise from the
facts alleged. Nothing in the affidavit in the instant case
affords a reasonable basis upon which the issuing magistrate
could conclude that any illegal possession or sale of narcotic

drugs had occurred or was occurring on the premises to be searched.

We think this case is controlled by *State v. Campbell*, 282 N.C. 125, 191 S.E. 2d 752 (1972).

The evidence obtained as a result of the search warrant was inadmissible in the trial below.

New trial.

Judges MORRIS and PARKER concur.