STATE OF NORTH CAROLINA v. PAUL BELL, MARCIA GRAY AND ANGELA MILLANDER

No. 774SC1065

(Filed 6 June 1978)

**Searches and Seizures § 23— affidavit supporting search warrant—sufficiency**

An affidavit was sufficient to support issuance of a search warrant where the affiant described in detail the circumstances involving a box containing a

hypodermic needle and syringe which was hidden in bushes near the premises to be searched, and the affiant stated that he "observed two black females go by the bushes then turn around and as they went back by the bushes one pick up the box and open it and check the contents, then both walk to [the premises to be searched] and went in this residence," the logical inference from this statement being that the two women carried the box containing the hypodermic needle and syringe with them as they entered the house.

APPEAL by the State from *Godwin, Judge*. Order entered 6 October 1977 in Superior Court, ONSLOW County. Heard in the Court of Appeals 26 April 1978.

Defendants Bell and Millander were indicted for possession of heroin and marijuana with intent to manufacture and sell and defendant Gray was indicted for possession of heroin. Prior to trial defendants moved to suppress the fruits of a search conducted pursuant to a search warrant issued on 28 July 1977 by Magistrate Alton Mills for the premises located at 305 Tower Drive in Jacksonville, North Carolina, on the grounds that the affidavit portion of the search warrant was insufficient to establish probable cause.

Following a hearing, the motion was allowed, the court holding that the items discovered as a result of the search pursuant to the search warrant were unlawfully obtained and were not legally competent to be received in evidence at trial.

The State appealed.

*Attorney General Edmisten, by Special Deputy Attorney General Jesse C. Brake, for the State.*

*Billy Sandlin for defendant Millander, Jimmy F. Gaylor for defendant Gray and Richard S. James for defendant Bell.*

BRITT, Judge.

The portion of the application for the search warrant which the court held insufficient to establish probable cause stated:

The applicant swears to the following facts to establish probable cause for the issuance of a search warrant: On this date this officer received a complaint of a hypodermic needle and syringe found in bushes on Knight Place. A check with five neighbors and each advised occupants of 305 Tower

Drive had been seen on several occasions going to these bushes, I place the box with hypodermic needle and syringe in the bushes. I observed a white car pass the bushes twice and then go to 305 Tower Drive, I observed two black females go by the bushes then turn around and as they went back by the bushes one pick up the box and open it and check the contents, then both walk to 305 Tower Drive and went in this residence

Signature of Applicant: s/ JAMES E.
HENDERSON

The State argues that the affidavit in the application for the search warrant clearly implies that the box containing the hypodermic needle and syringe was taken into the house at 305 Tower Drive by the two female defendants who removed it from the bushes. We find this argument persuasive.

G. S. 15A-244 provides:

Contents of the application for a search warrant.—Each application for a search warrant must be made in writing upon oath or affirmation. All applications must contain:

(1) The name and title of the applicant; and

(2) A statement that there is probable cause to believe that items subject to seizure under G.S. 15A-242 may be found in or upon a designated or described place, vehicle, or person; and

(3) Allegations of fact supporting the statement. The statements must be supported by one or more affidavits particularly setting forth the *facts and circumstances* establishing *probable cause* to believe that the items are in the places or in the possession of the individuals to be searched; and

(4) A request that the court issue a search warrant directing a search for and the seizure of the items in question. (Emphasis supplied.)

In *State v. Campbell*, 282 N.C. 125, 128-29, 191 S.E. 2d 752 (1972), the court stated:

Probable cause, as used in the Fourth Amendment and G.S. 15-25(a), [repealed and replaced by G.S. 15A-244], means a reasonable ground to believe the proposed search will reveal the presence upon the premises to be searched of the objects sought and that those objects will aid in the apprehension or conviction of the offender. *State v. Vestal*, 278 N.C. 561, 180 S.E. 2d 755 (1971).

Probable cause "does not mean actual and positive cause, nor does it import absolute certainty. The determination of the existence of probable cause is not concerned with the question of whether the offense charged has been committed in fact, or whether the accused is guilty or innocent, but only with whether the affiant has reasonable grounds for his belief. If the apparent facts set out in an affidavit for a search warrant are such that a reasonably discreet and prudent man would be led to believe that there was a commission of the offense charged, there is a probable cause justifying the issuance of a search warrant." 47 Am. Jur., Searches and Seizures, § 22.

In the instant case, we think the affidavit contained in the application for the search warrant is sufficient to establish probable cause. Officer Henderson, the applicant, describes in detail the circumstances involving the box containing the hypodermic needle and the syringe and states that he "observed two black females go by the bushes then turn around and as they went back by the bushes one pick up the box and open it and check the contents, then both walk to 305 Tower Drive and went in this residence." The logical inference from this statement of facts that a reasonably discreet and prudent man would find is that the two women carried the box containing the hypodermic needle and syringe with them as they entered the house. Since the applicant had given such a detailed description of the events up to the point that the two women inspected the contents of the box, it is reasonable to assume that if the women had returned the box to the hiding place rather than carry it with them into the house, the affidavit would have included that information. Tested on the principles stated above, we hold that the affidavit is sufficient. It details underlying facts and circumstances from which the issuing officer could find that probable cause existed to search the premises at 305 Tower Drive.

For the reasons stated, we conclude that the trial court erred in granting the motion to suppress the evidence found pursuant to the search warrant.

Reversed and cause remanded.

Judges CLARK and ERWIN concur.