STATE OF NORTH CAROLINA v. CHRISTOPHER GLENN FORD

No. 8413SC269

(Filed 18 December 1984)

1. **Criminal Law § 146.5; Constitutional Law § 79— minimum mandatory sentence —guilty plea—contention of cruel and unusual punishment not allowed**

   A defendant in a prosecution for trafficking in marijuana could not contend that the minimum mandatory sentence was significantly disproportionate to the crime and therefore cruel and unusual punishment because he entered a plea of guilty. Even so, his argument was without merit. G.S. 90-95(h)(1)d, G.S. 15A-1444, U.S. Constitution, Amendments VIII and XIV, Art. I, § 27, N.C. Constitution.

2. **Searches and Seizures §§ 15, 23— search warrant—no possessory interest in property searched—no standing—evidence sufficient for probable cause**

   A defendant in a prosecution for trafficking in marijuana did not have standing to challenge the sufficiency of a warrant to search a mobile home when he was not legitimately on the premises at the time of the search and did not assert a property or possessory interest in the premises searched. Moreover, evidence of unusual traffic and an odor of marijuana constituted probable cause to believe marijuana might be found in the home. G.S. 15A-972.

State v. Ford

**3. Searches and Seizures § 3— odor of marijuana detected from nearby woods— no expectation of privacy**

In a prosecution for trafficking in marijuana, evidence that an officer detected the odor of marijuana coming from a mobile home was not tainted by the fact that the officer was in the woods near the home when he detected the odor. Defendant did not have a reasonable and constitutionally recognized privacy expectation in nearby woods, irrespective of whether the officer's presence constituted a technical trespass, and defendant has not contended that the curtilage area was violated.

APPEAL by defendant from *Brannon, Judge.* Judgment entered 15 August 1983 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 5 December 1984.

Defendant was convicted of trafficking in marijuana in violation of G.S. 90-95(h)(1)d. Pursuant to a plea bargain arrangement, defendant was sentenced to 35 years imprisonment and fined $200,000.

On 16 May 1983, State Bureau of Investigation Special Agent Fred L. McKinney requested a search warrant based upon the following information which he believed to be indicative of smuggling activity. Law enforcement officers had been notified of the suspicious activities of several unidentified persons. Several months earlier, a house had been rented to an R. W. Johnson under suspicious circumstances. Johnson's listed place of business was fictitious. Neighbors reported unusual activity at the house late at night. When the lessor found grounds to break the lease, he found little evidence of actual occupancy upon entry. On 13 May a second house at Isle Plaza, Ocean Isle Beach, was rented by the same party. On 14 May continuous surveillance was established by several law enforcement officers. These officers recorded the comings and goings of several cars, pickup trucks and flat bottom boats. One of these vehicles was followed to a nearby mobile home which had been recently and improperly installed in a secluded location. On the night of 15 May 1983, S.B.I. Agent R. D. Shipp and Customs Patrol Officer H. Dupray entered the woods near the mobile home and observed the rear door and windows open. They also detected a very strong odor of marijuana emanating from the mobile home and thereby concluded that the mobile home was being used as a storage facility for the suspected smuggling operation. At 2:00 a.m. on 16 May 1984, a search warrant was issued on the grounds that the foregoing in-

formation constituted sufficient probable cause to search the mobile home in question.

A search pursuant to the warrant confirmed the officers' suspicions. The mobile home was found to contain several hundred bales of marijuana weighing a total of 14,380 pounds. The mobile home was unoccupied at the time of the search but several personal articles were also found within. Of these, an empty beer bottle, a flute and several papers were found to be covered with at least 24 fingerprints which matched those of defendant. The listed owner of the mobile home, Richard Williams, was never located and is believed to be fictitious.

Defendant was shortly thereafter arrested at the Isle Plaza residence, found to have a key to the mobile home in his possession, and charged with two violations of the North Carolina Controlled Substances Act. On 15 August 1983, defendant's motion to suppress evidence obtained under this and two subsequently issued search warrants was denied. Pursuant to the plea bargain, defendant pled guilty to one count of possessing more than 10,000 pounds of marijuana in violation of G.S. 90-95(h)(1)d. Defendant was sentenced to a 35-year term of imprisonment and fined $200,000 under the agreement. He appeals pursuant to G.S. 15A-979(b).

*Attorney General Edmisten, by T. Buie Costen, Special Deputy Attorney General, for the State.*

*Hafer, Hall & Schiller, by Marvin Schiller, for defendant appellant.*

VAUGHN, Chief Judge.

[1] Defendant first contends that the minimum mandatory sentence and fine imposed under G.S. 90-95(h)(1)d is significantly disproportionate to the crime and therefore constitutes cruel and unusual punishment prohibited by the 8th and 14th Amendments to the United States Constitution and article 1, section 27 of the North Carolina Constitution. Defendant, however, entered a plea of guilty and is thereby precluded from making an appeal on this ground. G.S. 15A-1444. Moreover, even if we were to grant discretionary review we would find defendant's argument to be without merit.

[2] The remaining issue presented on appeal is whether the trial court erred in denying defendant's motion to suppress the evidence acquired pursuant to the search of the mobile home. It is defendant's position that the supporting affidavit presented to the magistrate by Special Agent McKinney failed to show sufficient probable cause to justify the issuance of a search warrant. *State v. Campbell*, 282 N.C. 125, 191 S.E. 2d 752 (1972). Defendant alternatively argues that crucial information contained within the affidavit was in itself the product of an illegal warrantless search and thereby renders inadmissible the evidence ultimately seized. *State v. Spencer*, 281 N.C. 121, 127, 187 S.E. 2d 779, 783 (1972). We disagree with both contentions and hold that defendant's motion to suppress was properly denied.

At the outset, we find that defendant did not have standing to challenge the sufficiency of the warrant. "Fourth Amendment rights are personal rights which . . . may not be vicariously asserted." *Alderman v. United States*, 394 U.S. 165, 174, 89 S.Ct. 961, 22 L.Ed. 2d 176 (1969). Only an "aggrieved" party may move to suppress evidence under G.S. 15A-972 by demonstrating that his personal rights and not those of some third party have been violated. *Accord State v. Greenwood*, 301 N.C. 705, 708, 273 S.E. 2d 438, 440 (1981); *see also State v. Taylor*, 298 N.C. 405, 415, 259 S.E. 2d 502, 508 (1979) (comparing G.S. 15A-972 and Rule 41(e) of the Federal Rules of Criminal Procedure). In other words, only those persons who hold a reasonable expectation of privacy in the premises searched may invoke the protections of the 4th Amendment, *State v. Jones*, 299 N.C. 298, 306, 261 S.E. 2d 860, 865 (1980), and it is the defendant who bears the burden of establishing that he is such an aggrieved party. *State v. Taylor*, 298 N.C. at 415-16, 259 S.E. 2d at 508. In the present case, defendant has failed to meet his burden of proof. Defendant was not legitimately on the premises at the time of the search. *See Rakas v. Illinois*, 439 U.S. 128, 140, 99 S.Ct. 421, 58 L.Ed. 2d 387 (1978), *reh. denied*, 439 U.S. 1122, 99 S.Ct. 1035, 59 L.Ed. 2d 83 (1979); *Jones v. United States*, 362 U.S. 257, 267, 80 S.Ct. 725, 4 L.Ed. 2d 697 (1960). Nor did defendant assert either a property or possessory interest in the premises searched. The evidence reveals only an earlier presence and accessibility and neither is sufficient to establish the requisite "privacy interest" in the absence of additional information. *State v. Taylor*, 298 N.C. at 416,

259 S.E. 2d at 508-09 (1979). Defendant therefore has no standing to challenge the legality of the search.

Irrespective of defendant's standing to challenge the warrant, we nevertheless find that the warrant was properly issued. "Probable cause, as used in the Fourth Amendment . . . means a reasonable ground to believe that the proposed search will reveal the presence upon the premises to be searched of the objects sought and that those objects will aid in the apprehension or conviction of the offender." *State v. Campbell,* 282 N.C. 125, 128-29, 191 S.E. 2d 752, 755 (1972); *State v. Harris,* 43 N.C. App. 184, 185, 258 S.E. 2d 415, 416 (1979). Unusual traffic at a residence may not, in itself, constitute probable cause to justify the issuance of a warrant authorizing a search of that residence for drugs. *State v. Crisp,* 19 N.C. App. 456, 199 S.E. 2d 155 (1973). However, evidence of such activity, in conjunction with the discovery of marijuana odor coming from within *does* constitute sufficient probable cause to authorize a search of the implicated residence. *State v. Trapper,* 48 N.C. App. 481, 269 S.E. 2d 680, *appeal dismissed,* 301 N.C. 405, 273 S.E. 2d 450 (1980), *cert. denied,* 451 U.S. 997, 101 S.Ct. 2338, 68 L.Ed. 2d 856 (1981). In the present case, the detection of marijuana odors by a surveillance officer did constitute adequate evidence from which a magistrate could conclude that there was probable cause to believe that marijuana might be found by a search of the mobile home.

[3] This evidence was not tainted by the fact that Customs Patrol Officer Dupray was located in woods near the mobile home at the time he detected the odor. Defendant did not have a reasonable and constitutionally recognized privacy expectation in nearby woods, irrespective of whether or not the officers' presence constituted a technical trespass at common law. The special protections of the Fourth Amendment to people in their " 'persons, houses, papers and effects' does not extend to open fields." *Oliver v. United States,* --- U.S. ---, 104 S.Ct. 1735, 80 L.Ed. 2d 214, 222 (1984); *Hester v. United States,* 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924). The officers were legitimately present in the woods beyond the cleared area immediately surrounding the mobile home and defendant has not contended that they violated the curtilage area. *See Oliver v. United States, supra.* "The term 'open fields' may include any unoccupied or undeveloped area outside of the curtilage. An open field need be neither 'open' nor a 'field' as

those terms are used in common speech . . . [and] a thickly wooded area . . . may be an open field as that term is used in construing the Fourth Amendment." *Id.*, 80 L.Ed. 2d at 225 n11 (citing *United States v. Pruitt*, 464 F. 2d 494) (9th cir. 1972). The officers' detection of marijuana odor while located in these woods was therefore properly considered by the magistrate in determining the existence of probable cause and the fruits of the search were properly admitted as evidence.

Affirmed.

Judges WEBB and HILL concur.