NO. COA13-384

NORTH CAROLINA COURT OF APPEALS

Filed: 7 January 2014

STATE OF NORTH CAROLINA

v.                                      Guilford County
                                        Nos. 12 CRS 75464-66
WALTER ERIC McKINNEY


Appeal by defendant from judgment entered 8 October 2012 by Judge Patrice A. Hinnant and order entered 11 October 2012 by Judge William Z. Wood, Jr. in Guilford County Superior Court.  Heard in the Court of Appeals 25 September 2013.

> *Attorney General Roy Cooper, by Special Deputy Attorney General R. Marcus Lodge, for the State.*

> *Appellate Defender Staples Hughes, by Assistant Appellate Defender Jon H. Hunt, for defendant-appellant.*


CALABRIA, Judge.


Walter Eric McKinney ("defendant") appeals pursuant to N.C. Gen. Stat. § 15A-979(b) (2011) from an order denying his motion to suppress.  We reverse.

On 22 April 2012, Officer Christopher Bradshaw ("Officer Bradshaw") of the Greensboro Police Department ("GPD") received a citizen complaint claiming that there was heavy traffic in and out

of an apartment located at 302 Edwards Road in Greensboro ("the apartment"). The tip indicated that people who came to the apartment only stayed a short time. The complainant believed the traffic was related to narcotics, in part because the complainant had witnessed individuals exchanging narcotics in the parking lot with the person who lived in the apartment.

After receiving the tip, Officer Bradshaw went to the apartment and conducted surveillance in an unmarked automobile. Shortly thereafter, he observed an individual arrive in an automobile, enter the apartment, and then leave after approximately six minutes. Officer Bradshaw followed the automobile after it departed. Officer Strader of the GPD, who was driving a marked police vehicle, conducted a traffic stop on the automobile on the basis of minor traffic violations.

The individual driving the vehicle was identified as Roy Foushee ("Foushee"), who had a history of narcotics-related arrests. Subsequently, the officers searched Foushee and the automobile and found $4,258 in cash and a gallon-sized plastic bag containing seven grams of marijuana. Foushee was arrested for possession of marijuana. Subsequent to the arrest, Officer Bradshaw also searched Foushee's cell phone and discovered a series of recent text messages between Foushee and an individual named

"Chad." Officer Bradshaw believed that these texts were related to a drug transaction.

Based upon the drugs and cash discovered from Foushee and the information gathered during his investigation, Officer Bradshaw obtained a search warrant to search the apartment. The subsequent search revealed that the apartment contained drugs, drug paraphernalia, and firearms. Officer Bradshaw arrested defendant, who was the occupant of the apartment.

Defendant was indicted for trafficking in cocaine, maintaining a dwelling for keeping and selling controlled substances, possession of both cocaine and marijuana with intent to sell and distribute, felony possession of marijuana, and possession of a firearm by a felon. On 7 September 2012, defendant filed a pretrial motion to suppress the evidence obtained from the search of the apartment, contending that the warrant obtained by Officer Bradshaw for that search was not supported by probable cause. After a hearing, the trial court denied the motion.

Defendant then entered into a plea agreement whereby the State dismissed the charges of trafficking cocaine and felony possession of marijuana in exchange for defendant's guilty plea to the remaining charges. As part of the plea agreement, defendant specifically reserved his right to appeal the trial court's denial

of his motion to suppress. The trial court consolidated all of defendant's charges for judgment and sentenced him to a minimum of 11 months to a maximum of 23 months in the North Carolina Division of Adult Correction. Defendant appeals.

Defendant's sole argument on appeal is that the trial court erred in denying his motion to suppress the evidence obtained during the search of the apartment. Specifically, defendant contends that the warrant obtained by Officer Bradshaw to search the apartment was not supported by probable cause. We agree.

Our review of a trial court's denial of a motion to suppress is "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). "The trial court's conclusions of law . . . are fully reviewable on appeal." *State v. Hughes*, 353 N.C. 200, 208, 539 S.E.2d 625, 631 (2000).

Pursuant to N.C. Gen. Stat. § 15A-244, an application for a search warrant must contain "[a]llegations of fact supporting the statement. The statements must be supported by one or more affidavits particularly setting forth the facts and circumstances

establishing probable cause to believe that the items are in the places or in the possession of the individuals to be searched[.]" N.C. Gen. Stat. § 15A-244(3) (2011). "Probable cause need not be shown by proof beyond a reasonable doubt, but rather [by] whether it is more probable than not that drugs or other contraband will be found at a specifically described location." *State v. Edwards*, 185 N.C. App. 701, 704, 649 S.E.2d 646, 649 (2007). "In determining . . . whether probable cause exists for the issuance of a search warrant, our Supreme Court has provided that the 'totality of the circumstances' test . . . is to be applied." *State v. Witherspoon*, 110 N.C. App. 413, 417, 429 S.E.2d 783, 785 (1993) (citations omitted).

> The standard for a court reviewing the issuance of a search warrant is whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant. [T]he duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for . . . conclud[ing] that probable cause existed.

*State v. Torres-Gonzalez*, ___ N.C. App. ___, ___, 741 S.E.2d 502, 507 (2013)(internal quotations and citations omitted).

In the instant case, Officer Bradshaw's application for a search warrant for defendant's apartment, which was incorporated by reference into the trial court's order denying defendant's motion to suppress, was essentially based upon the following

evidence: (1) an anonymous citizen's complaint that the complainant had previously observed suspected drug-related activity occurring at and around the apartment; (2) a brief investigation of that complaint in which Officer Bradshaw witnessed Foushee come to the apartment and then leave after six minutes; (3) the arrest of Foushee, who had a history of narcotics arrests, shortly after he had left defendant's apartment, due to the discovery of a mostly-empty bag of marijuana and a large amount of cash; and (4) text messages between Foushee and an individual named Chad proposing a drug transaction. Defendant contends that the trial court erred by concluding that this evidence established the existence of probable cause.

The evidence included in Officer Bradshaw's search warrant application clearly establishes probable cause that Foushee had been involved in a recent drug transaction. However, the determinative question in this case is whether the application provided a substantial basis to allow the magistrate to conclude that there was probable cause of illegal drugs *at defendant's apartment*. *See Edwards*, 185 N.C. App. at 704, 649 S.E.2d at 649 (Probable cause requires a showing that "it is more probable than not that drugs or other contraband will be found *at a specifically described location*." (emphasis added)).

Our Courts have previously analyzed search warrant applications based upon information similar to Officer Bradshaw's application in the instant case in order to determine if probable cause to search a specific location had been established. In *State v. Campbell*, law enforcement obtained a warrant to search the defendant's residence based upon an affidavit stating that that affiant had probable cause to believe the residence contained drugs. 282 N.C. 125, 130, 191 S.E.2d 752, 756 (1972). To support this statement, the affidavit specifically noted that the affiant possessed narcotics-related arrest warrants for three individuals who were known to sell drugs and that all three of those individuals lived in the location to be searched. *Id*. Our Supreme Court held that the search warrant did not establish probable cause to search the subject premises:

> The affidavit implicates those premises *solely as a conclusion of the affiant.* Nowhere in the affidavit is there any statement that narcotic drugs were ever possessed or sold in or about the dwelling to be searched. Nowhere in the affidavit are any underlying circumstances detailed from which the magistrate could reasonably conclude that the proposed search would reveal the presence of illegal drugs in the dwelling. The inference the State seeks to draw from the contents of this affidavit--that narcotic drugs are illegally possessed on the described premises--does not reasonably arise from the facts alleged.

*Id.* at 131, 191 S.E.2d at 757.

In *State v. Crisp*, law enforcement also obtained a search warrant to search the defendants' residence based upon an affidavit stating that the affiant had probable cause to believe the defendants had drugs on the property. 19 N.C. App. 456, 457, 199 S.E.2d 155, 155 (1973). To support this statement, the affiant stated that: (1) he had conducted a traffic stop of an individual who lived at the residence and discovered marijuana, both on his person and in his vehicle; and (2) he had conducted surveillance on the residence for a period of three to four months, during which time he observed heavy traffic entering and leaving at all times of the day and night. *Id.* at 457-58, 199 S.E.2d at 156. Relying upon the previously-quoted language in *Campbell*, this Court held that the warrant did not establish probable cause to search the defendants' residence. *Id.* at 458, 199 S.E.2d at 156.

Finally, in *State v. Hunt*, law enforcement obtained a warrant to search the defendant's residence based upon the following facts: (1) law enforcement had received "constant complaints" from citizens regarding narcotics sales at the residence; (2) the complaints specifically noted that there was consistent traffic at the residence whereby incoming vehicles would conduct a short drug transaction, either inside or in front of the residence, and then leave; and (3) the affiant conducted surveillance for one day based

upon the complaints and observed numerous vehicles come to the residence, stay about five to eight minutes, and then leave. 150 N.C. App. 101, 102-03, 562 S.E.2d 597, 599 (2002). This Court once again held that the application for the warrant failed to establish probable cause to search the defendant's residence:

> All that the affidavit offers are complaints from citizens suspicious of drug activity in a nearby house. There is no mention of anyone ever seeing drugs on the premises. The citizens only reported heavy vehicular traffic to the house. The officer verified the traffic. His verification, as the trial court found, was not a conclusion. What was a conclusion was the determination of the officer, based on his experience and the vehicular traffic, that drug trafficking was taking place. "The inference the State seeks to draw from the contents of this affidavit does not reasonably arise from the facts alleged." *Crisp*, 19 N.C. App. at 458, 199 S.E.2d at 156.

*Id*. at 107, 562 S.E.2d at 601.

Officer Bradshaw's application in the instant case cannot be materially distinguished from the defective search warrant applications in *Campbell*, *Crisp*, and *Hunt*. His affidavit stated, in relevant part:

> Around 4-22-2012 I received a citizen complaint for 302 Edwards Rd Apt C, Greensboro NC. The citizen advised that there was heavy traffic in and out of this apartment. They advised the traffic made short stays and believed it was narcotic related. They stated that they had actually seen narcotics changing

hands in the parking lot with the resident of that apartment.

On 4-22-2012 I established surveillance on the apartment. At 1241 hours I observed a red Pontiac, NC tag ALW-2397 arrive at the apartment. The driver exited the vehicle and entered the apartment. At 1247 hours the driver returned to the vehicle and left the area. A traffic stop was conducted on the vehicle for a violation of a chapter 20 law. During the investigation the driver was arrested for marijuana. He was also in possession of $4258 US currency. The driver, Roy Foushee, had a history of narcotics arrests. The marijuana was found in a large bag and was almost empty.

I searched the driver's cell phone incident to arrest. Looking through his text messages I read several open messages. Most of the messages were related to the sale of narcotics. The last messages that were sent before the traffic stop were from Chad, 910-571-8959..

> Chad- Bra when you come out to get the money can you bring a fat 25. I got the bread-
>
> 1212pm
>
> -can you bring me one more bra
>
> ME- about 45
>
> Chad- ight

Through my training and experience I believe that Mr. Foushee delivered marijuana to the residents at 302 Edwards Rd Apt C.

Based upon the facts described above and my training and experience, I believe that there

> is probable cause that items to be seized, particularly controlled substances in violation of GS 90-95, and other items listed herein, are in the premises to be searched, as described herein.

This information is insufficient to establish probable cause to search defendant's apartment. Just as in the previous cases, Officer Bradshaw's affidavit "implicates [defendant's] premises *solely as a conclusion of the affiant*." *Campbell*, 282 N.C. at 131, 191 S.E.2d at 757. Neither Officer Bradshaw nor the anonymous citizen ever witnessed any narcotics in or about the apartment. While Officer Bradshaw specifically saw Foushee enter and exit the apartment prior to his arrest, there is nothing in his affidavit which suggests that he saw Foushee carry marijuana or anything else inside or that he brought anything back out upon his exit, despite Officer Bradshaw's conclusion that Foushee was making a delivery at that time. Moreover, while the text messages recovered from Foushee's phone suggest that he recently engaged in a narcotics transaction with an individual named Chad, Chad is never identified or connected with defendant's apartment in any way. Ultimately, "[t]he inference the State seeks to draw from the contents of this affidavit--that narcotic drugs are illegally possessed on the described premises--does not reasonably arise from the facts alleged." *Id*. Thus, the search warrant used to

search defendant's apartment was defective because it was not supported by probable cause.

Nonetheless, the State contends that Officer Bradshaw's affidavit was sufficient to provide probable cause under this Court's decision in *State v. McCoy*, 100 N.C. App. 574, 397 S.E.2d 355 (1990).  In *McCoy*, law enforcement officers conducted  two controlled drug buys between an informant and the defendant in two different hotel rooms, but the defendant vacated the premises before search warrants could be obtained and executed. 100 N.C. App. at 576-77, 397 S.E.2d at 357.  Noting that "North Carolina case law supports the premise that firsthand information of contraband seen in one location will sustain a finding to search a second location," this Court held that there was probable cause to search a third hotel room which was registered to the defendant:

> The facts here show that a suspect, previously convicted of selling drugs, had within a ten-day period rented three different motel rooms, each time for several days, in a city in which he had a local address, and that at two of those locations he had sold cocaine. Based on these facts, it was reasonable to infer that when the suspect occupied the third room, he still possessed the cocaine.

*Id.* at 578, 397 S.E.2d at 357-58.  While the State correctly cites the *McCoy* Court's holding that contraband in one location can create probable cause to search a second location, it misrepresents

the breadth of this holding. As both *Campbell* and *Crisp* demonstrate, the mere discovery of contraband on an individual does not provide *carte blanche* probable cause to search any location that may be remotely connected to that individual for additional contraband. *See Campbell*, 282 N.C. at 130-31, 191 S.E.2d at 756-57 (discovery of contraband during traffic stop of the defendant insufficient to provide probable cause to search the defendant's residence) and *Crisp*, 19 N.C. App. at 457-58, 199 S.E.2d at 156 (same). Instead, the State must still establish a reasonable nexus between the discovered contraband and the new location sought to be searched. While in *McCoy*, the State was able to adequately connect the defendant's very recent possession of cocaine in two nearby hotel rooms to the potential contraband in a third room at the same hotel, the mostly empty marijuana bag found on Foushee in the instant case has a much more tenuous connection to defendant's apartment which is insufficient to establish probable cause to search that location. Thus, we find the *McCoy* Court's holding inapplicable to this case.

Pursuant to *Campbell*, *Crisp*, and *Hunt*, we hold that the search warrant for defendant's apartment was not supported by probable cause. Accordingly, the trial court erroneously denied defendant's motion to suppress the evidence uncovered as a result

of that search.  The trial court's denial of that motion is reversed.

Reversed.

Judges ELMORE and STEPHENS concur.