IN THE SUPREME COURT OF NORTH CAROLINA

No. 47PA14

(Filed  21 August 2015)

STATE OF NORTH CAROLINA

v.

WALTER ERIC MCKINNEY

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 752 S.E.2d 726 (2014), reversing a judgment entered on 8 October 2012 by Judge Patrice A. Hinnant and an order entered on 11 October 2012 by Judge William Z. Wood, Jr., both in Superior Court, Guilford County.  Heard in the Supreme Court on 16 March 2015.

*Roy Cooper, Attorney General, by Derrick C. Mertz, Assistant Attorney General, for the State-appellant.*

*Staples S. Hughes, Appellate Defender, by Jon H. Hunt, Assistant Appellate Defender, for defendant-appellee.*

EDMUNDS, Justice.

An investigation that began with an anonymous complaint to police led to a search of defendant's home, where contraband was found.  After the trial court denied defendant's motion to suppress the evidence found during the search, he pleaded guilty to several drug-related offenses.  We conclude that the totality of circumstances

demonstrates that the magistrate had a substantial basis for concluding that probable cause existed to justify issuing a warrant authorizing the search of defendant's home. Accordingly, we reverse the holding of the Court of Appeals to the contrary.

On 22 April 2012, a citizen met with Officer Christopher Bradshaw of the Greensboro Police Department and reported observing heavy traffic in and out of Apartment C at 302 Edwards Road. Pointing out that the visitors made abbreviated stays at the apartment, the citizen also reported having seen the resident of that apartment dealing in narcotics in the parking lot of the apartment complex. The citizen added that he or she believed that behavior was related to narcotics.

In response to this report, Officer Bradshaw and others in his unit immediately began surveillance of the named apartment and saw a red Pontiac arrive there at 12:41 p.m. The driver of the vehicle entered the apartment, emerged six minutes later, and drove away. One of the officers promptly stopped the Pontiac for a traffic violation, and the driver, Roy Foushee, was found to have $4,258.00 in cash on his person. A gallon-size plastic bag that contained marijuana remnants was recovered from the interior of the vehicle.

The officers arrested Foushee, and, incident to the arrest, searched his cell telephone. A series of text messages exchanged minutes before Foushee was seen entering the Edwards Road apartment caught the officers' attention. The first, timed at 12:12 p.m., was sent to Foushee from "Chad" and said, "Bra, when you come out to

get the money, can you bring a fat 25. I got the bread." The next, also from "Chad," asked, "Can you bring me one more, Bra?" Foushee replied, "About 45," and "Chad" responded, "ight."

Inferring that Foushee had just completed a delivery of drugs for cash, Officer Bradshaw applied for a search warrant for the Edwards Road apartment. The attached affidavit described the nature of the citizen complaint that triggered the investigation, the results of the officers' surveillance, the arrest of Foushee, the material found on Foushee's person and in his car, and the text messages recovered from Foushee's telephone. The warrant was issued and executed that same day. After discovering controlled substances, drug paraphernalia, and a firearm and ammunition in the apartment, the officers arrested defendant, who lived there and was present during the search. The name "Chad" was never linked to anyone identified in the investigation.

On 2 July 2012, defendant was indicted by a Guilford County grand jury for trafficking in cocaine by possession, possession of cocaine, possession of marijuana with intent to sell or deliver, possession of marijuana, and maintaining a dwelling used for selling controlled substances, all in violation of the North Carolina Controlled Substances Act. He also was indicted for possession of a firearm by a felon, in violation of N.C.G.S. § 14-415.1. On 7 September 2012, defendant filed a motion to suppress the evidence seized from his residence pursuant to the search warrant, arguing that the warrant was not supported by probable cause. At the conclusion of

an evidentiary hearing held on 11 September 2012, the trial court orally denied the motion. On 11 October 2012, the trial court filed a written order finding that under the totality of circumstances, "a sufficient basis for probable cause in the supporting attachment to the search warrant for the defendant's residence" existed.

On 1 October 2012, defendant entered a negotiated agreement in which he pleaded guilty to possession of a firearm by a felon, possession of marijuana with intent to sell or deliver, possession of cocaine with intent to sell or deliver, and maintaining a dwelling place to keep or sell controlled substances. In the agreement, defendant reserved his right to appeal the trial court's denial of his motion to suppress. The trial court imposed an active sentence of eleven to twenty-three months of imprisonment.

Defendant appealed to the Court of Appeals, arguing that the trial court erred in denying his motion to suppress the evidence seized from his residence. That court found that the information provided in Officer Bradshaw's affidavit was "insufficient to establish probable cause to search defendant's apartment," *State v. McKinney*, ___ N.C. App. ___, ___, 752 S.E.2d 726, 730 (2014), because it "implicates [defendant's] premises *solely as a conclusion of the affiant*," *id.* at ___, 752 S.E.2d at 730 (alteration in original) (quoting *State v. Campbell*, 282 N.C. 125, 131, 191 S.E.2d 752, 757 (1972)). The court concluded that "[t]he inference the State seeks to draw from the contents of this affidavit—that narcotic drugs are illegally possessed on the described premises—does not reasonably arise from the facts alleged." *Id.* at ___, 752 S.E.2d at

730 (alteration in original) (quoting *Campbell*, 282 N.C. at 131, 191 S.E.2d at 757). Concluding that no "reasonable nexus" existed between Foushee's vehicle in which marijuana was found and defendant's residence, *id.* at ___, 752 S.E.2d at 730, the Court of Appeals held that the search warrant was unsupported by probable cause and reversed the trial court's denial of defendant's motion to suppress, *id.* at ___, 752 S.E.2d at 731.

In reviewing a trial court's ruling on a motion to suppress, we consider "whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). We review an opinion of the Court of Appeals for error of law. N.C. R. App. P. 16(a); *State v. Brooks*, 337 N.C. 132, 149, 446 S.E.2d 579, 590 (1994).

Defendant argues that his Fourth Amendment rights were violated when his apartment was searched pursuant to a warrant that he claims was issued without probable cause. The Fourth Amendment protects citizens from "unreasonable searches and seizures" and permits warrants to be issued only upon a showing of probable cause. U.S. Const. amend. IV. A "neutral and detached magistrate" determines whether probable cause exists. *Johnson v. United States*, 333 U.S. 10, 14, 68 S. Ct. 367, 369, 92 L. Ed. 436, 440 (1948); *see also Campbell*, 282 N.C. at 131, 191 S.E.2d at 756. Courts interpreting the Fourth Amendment have expressed a "strong

preference for searches conducted pursuant to a warrant." *Illinois v. Gates*, 462 U.S. 213, 236, 103 S. Ct. 2317, 2331, 76 L. Ed. 2d 527, 547 (1983); *State v. Sinapi*, 359 N.C. 394, 398, 610 S.E.2d 362, 365 (2005) (quoting *State v. Riggs*, 328 N.C. 213, 222, 400 S.E.2d 429, 434 (1991)). "A grudging or negative attitude by reviewing courts toward warrants" is inconsistent with that preference. *United States v. Ventresca*, 380 U.S. 102, 106-08, 85 S. Ct. 741, 745, 13 L. Ed. 2d 684, 689 (1965). Recognizing that affidavits attached to search warrants "are normally drafted by nonlawyers in the . . . haste of a criminal investigation," *id.* at 108, 85 S. Ct at 746, 13 L. Ed. 2d at 689, courts are reluctant to scrutinize them "in a hypertechnical, rather than a commonsense, manner," *id.* at 109, 85 S. Ct. at 746, 13 L. Ed. 2d at 689.

Under North Carolina law, an application for a search warrant must be supported by an affidavit detailing "the facts and circumstances establishing probable cause to believe that the items are in the places . . . to be searched." N.C.G.S. § 15A-244(3) (2013). A magistrate must "make a practical, common-sense decision," based on the totality of the circumstances, whether there is a "fair probability" that contraband will be found in the place to be searched. *Gates*, 462 U.S. at 238, 103 S. Ct. at 2332, 76 L. Ed. 2d at 548; *e.g.*, *State v. Benters*, 367 N.C. 660, 664, 766 S.E.2d 593, 598 (2014). This standard for determining probable cause is flexible, *State v. Zuniga*, 312 N.C. 251, 262, 322 S.E.2d 140, 146 (1984), permitting the magistrate to draw "reasonable inferences" from the evidence in the affidavit supporting the application for the warrant, *see Riggs*, 328 N.C. at 221, 400 S.E.2d at 434 (quoting

*Gates*, 462 U.S. at 240, 103 S. Ct. at 2333, 76 L. Ed. 2d at 549), and from supporting testimony, as set out in N.C.G.S. § 15A-245(a). That evidence is viewed from the perspective of a police officer with the affiant's training and experience, *Benters*, 367 N.C. at 672, 766 S.E.2d at 603 (citing *Ornelas v. United States*, 517 U.S. 690, 699, 116 S. Ct. 1657, 1663, 134 L. Ed. 2d 911, 920-21 (1996)), and the commonsense judgments reached by officers in light of that training and specialized experience, *see United States v. Ortiz*, 422 U.S. 891, 897, 95 S. Ct. 2585, 2589, 45 L. Ed. 2d 623, 629 (1975).

Probable cause requires not certainty, but only "*a probability or substantial chance* of criminal activity." *Riggs*, 328 N.C. at 219, 400 S.E.2d at 433 (quoting *Gates*, 462 U.S. at 244 n.13, 103 S. Ct. at 2335 n.13, 76 L. Ed. 2d at 552 n.13 (emphasis added)). The magistrate's determination of probable cause is given "great deference" and "after-the-fact scrutiny should not take the form of a *de novo* review." *State v. Arrington*, 311 N.C. 633, 638, 319 S.E.2d 254, 258 (1984) (citing *Gates*, 462 U.S. at 236, 103 S. Ct. at 2331, 76 L. Ed. 2d at 547). Instead, a reviewing court is responsible for ensuring that the issuing magistrate had a " 'substantial basis for . . . conclud[ing]' that probable cause existed." *Gates*, 462 U.S. at 238-39, 103 S. Ct. at 2332, 76 L. Ed. 2d at 548 (alterations in original) (quoting *Jones v. United States*, 362 U.S. 257, 271, 80 S. Ct. 725, 736, 4 L. Ed. 2d 697, 708 (1960), o*verruled on other grounds by United States v. Salvucci*, 448 U.S. 83, 100 S. Ct. 2547, 65 L. Ed. 2d 619 (1980)).

Defendant makes several arguments contending that the warrant was invalid. He maintains that the citizen complaint underlying the officer's application for the

search warrant was unreliable because the complaint gave no indication when the citizen observed either the short stays or drugs purportedly changing hands, that the complaint was only a "naked assertion" that the observed activities were narcotics-related, and that the State failed to establish a nexus between Foushee's vehicle and defendant's apartment. None of these arguments are persuasive, either individually or collectively.

As for the amount of detail in the citizen's complaint, "an officer 'may rely upon information received through an informant, rather than upon his direct observations, so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge.'" *State v. Bone*, 354 N.C. 1, 10, 550 S.E.2d 482, 488 (2001) (quoting *Jones*, 362 U.S. at 269, 80 S. Ct. at 735, 4 L. Ed. 2d at 707). Moreover, such a citizen complaint is not necessarily reviewed in isolation. In addition to the information detailed above that the citizen gave Officer Bradshaw, the affidavit stated that officers thereafter conducted surveillance of the identified apartment, observed Foushee make a six-minute visit, and found both marijuana remnants in an otherwise empty bag and a substantial cash sum during a subsequent investigatory stop. The officer's direct observations were thus consistent with the citizen's information.

As for the nexus between Foushee's vehicle and defendant's apartment, while defendant points out that the evidence gave no indication how long the marijuana could have been in Foushee's car and that Foushee's visit with defendant could just

as easily have been innocent, the affidavit included relevant texts exchanged between Foushee and "Chad" minutes before Foushee arrived at defendant's apartment. The timing and substance of these texts suggested preparation for and negotiation of a drug transaction involving Foushee and someone he was about to meet. Although no "Chad" was identified when defendant's apartment was later searched, this contingency could not be foreseen when Officer Bradshaw applied for the warrant. Instead, the information available to the officer and provided to the magistrate at the time the search warrant was requested and issued sufficiently indicated that the transaction adumbrated in the texts was consummated moments later in defendant's apartment. Thus, this case is distinguishable from *Campbell*, cited both by defendant and the Court of Appeals. In *Campbell,* the affidavit asserted only that the defendants were named in arrest warrants charging narcotics offenses, were selling drugs to certain individuals, and were residing at the residence to be searched. 282 N.C. at 130, 191 S.E.2d at 756. Unlike the case at bar, the affidavit in *Campbell* included no information indicating that drugs had been possessed in or sold from the dwelling to be searched. As a result, *Campbell* does not control the outcome here.

We conclude that, under the totality of circumstances, all the evidence described in the affidavit both established a substantial nexus between the marijuana remnants recovered from Foushee's vehicle and defendant's residence, and also was sufficient to support the magistrate's finding of probable cause to search defendant's apartment. Considering this evidence in its entirety, "the magistrate could

reasonably conclude that the proposed search would reveal the presence of illegal drugs in the dwelling." *Id.* at 131, 191 S.E.2d at 757. Accordingly, we reverse the holding of the Court of Appeals to the contrary.

REVERSED.