DIETZ, Judge.
 

 *367
 
 Defendant Robert Dwayne Lewis appeals his convictions for three counts of armed robbery, one count of attempted armed robbery, and five counts of kidnapping related to a string of robberies at businesses in Hoke County. After the trial court denied his motion to suppress, Lewis pleaded guilty to all charges, reserving his right to appeal the denial of his motion to suppress.
 

 On appeal, Lewis argues that the trial court erred in denying his motion to suppress because the affidavit law enforcement submitted with its search warrant application was insufficient to establish probable cause for a search of the cars and house where the evidence was found. As explained below, the warrant application and accompanying affidavit contained sufficient information to establish probable cause to search the two vehicles allegedly involved in the crimes. But we agree with Lewis that the warrant application did not contain sufficient information to establish probable cause to search the home. We therefore vacate Lewis's convictions and remand this case for further proceedings consistent with this opinion.
 

 Facts and Procedural History
 

 On 21 September 2014, a man wearing a blue mask, dark clothing, and carrying a handgun robbed a dollar store in Hoke County and fled in a blue Nissan Titan. Witnesses described the suspect as calm and composed. Five days later, another dollar store was robbed. Again, witnesses described the suspect as a composed man, wearing a blue
 
 *214
 
 mask and dark clothing, and carrying a handgun. The man ordered two people into a bathroom before fleeing the scene. Two days later, a third dollar store was robbed. Once again, witnesses described the suspect as a man in a blue mask, carrying a handgun. And again, the man ordered people into a bathroom before fleeing.
 

 Detective William Tart of the Hoke County Sheriff's Office was assigned to the case. Tart got a break in the case several weeks later on 19 October 2014, when law enforcement in Smithfield notified him that a man in a blue head cover, dark clothing, and carrying a handgun robbed a business in neighboring Johnston County. The Smithfield police reported that they saw the suspect flee in a Kia Optima and were able to identify him from a previous encounter as Defendant Robert Dwayne Lewis. The same day, Smithfield police issued an arrest warrant for Lewis.
 

 Hoke County Sheriff's Deputy Tim Kavanaugh, acting on information from the Johnston County investigation, drove to Lewis's address, 7085 Laurinburg Road in Hoke County, and saw a blue Nissan pickup
 
 *368
 
 truck parked in the yard matching the description of the Nissan Titan witnesses saw during the first robbery. Deputy Kavanaugh did not see the Kia Optima that officers saw during the fourth robbery.
 

 Deputy Kavanaugh continued his normal patrol duties and then drove past 7085 Laurinburg Road again later in the day. This time he saw a Kia Optima in the yard of the house. Kavanaugh parked nearby and watched the house until he observed a man matching Lewis's description walk from the house out to the mailbox and take mail out. Kavanaugh approached the man and asked him for his name. The man said "Robert Lewis" and Kavanaugh placed him under arrest.
 

 After arresting Lewis, Deputy Kavanaugh walked up to the front door of the home at 7085 Laurinburg Road and spoke to a man who identified himself as Waddell McCollum, Lewis's stepfather. Kavanaugh asked McCollum if Lewis lived at the residence and also asked who owned the vehicles parked in the yard. McCollum told Kavanaugh that Lewis lived there, that the Nissan truck belonged to McCollum but Lewis sometimes drives it, and that the Kia belonged to Lewis. After speaking with McCollum at the front door of the house, Kavanaugh "went over to the Kia that was in the yard, and looked inside of the passenger area, the rear of the vehicle" and saw "a BB&T money bag on the passenger floor of the vehicle" as well as some dark clothing. The Kia was "backed into the yard, in front of the residence, not in the driveway but in the grass" about twenty feet from the front porch where Kavanaugh spoke to McCollum.
 

 After law enforcement arrested Lewis, Detective Tart prepared a search warrant application to search the residence at 7085 Laurinburg Road where Lewis was arrested and the blue Nissan Titan and Kia Optima on the premises.
 

 The affidavit accompanying the application provided a detailed description of each of the two vehicles, including color, year, make and model, NC registration number, and VIN number. The affidavit also described the three September 2014 Hoke County robberies and the October 2014 Johnston County robbery, including the similarities between the four robberies and the descriptions of the suspect in each robbery. It further provided that Smithfield police identified the suspect in the Johnston County robbery as Lewis, that officers saw Lewis flee the scene in a Kia Optima, and that Hoke County officers then arrested Lewis at a residence located at 7085 Laurinburg Road. The affidavit stated that a witness observed the suspect in the first robbery flee in a dark blue Nissan Titan and that the witness's description of that vehicle
 
 *369
 
 was consistent with a dark blue Nissan Titan officers observed at the 7085 Laurinburg Road address while arresting Lewis. The search warrant application did not include any reference to what Deputy Kavanaugh had observed when he walked into the yard and looked in the window of the Kia Optima.
 

 Based on the information provided in the affidavit, a magistrate issued a search warrant for the residence and the two vehicles. Hoke County officers executed the warrant
 
 *215
 
 the same day and seized various evidence. In the Kia, officers found a BB&T bank bag containing documents connected to the Smithfield business that was robbed, a blue helmet liner that was consistent with the blue head covering worn by the suspect in the Hoke County robberies, and a rusted handgun.
 

 On 21 September 2015, the State indicted Lewis for three counts of robbery with a dangerous weapon, one count of attempted robbery with a dangerous weapon, and five counts of second degree kidnapping related to the three September 2014 Hoke County robberies.
 

 Lewis filed a motion to suppress the evidence recovered during the execution of the search warrant, arguing that the search warrant application did not provide probable cause for the search. Lewis argued that the warrant affidavit failed to establish a sufficient nexus between the evidence being sought and the places to be searched. Lewis also argued that the evidence Deputy Kavanaugh saw through the window of the Kia Optima was not admissible under the plain view doctrine.
 

 The trial court heard the motion to suppress on 7 April 2016. Detective Tart and Deputy Kavanaugh both testified at the hearing. Tart described the steps he took in his investigation of the robberies, how he determined the four robberies were connected, and how he obtained Lewis's name, the 7085 Laurinburg Road address, and identified the two vehicles linked to the robberies. Deputy Kavanaugh described his actions on 19 October 2014, including receiving information about the fourth robbery, which lead to his arrest of Lewis and his observations through the window of the Kia.
 

 On 3 June 2016, the trial court denied Lewis's motion to suppress, finding that the search warrant affidavit was sufficient to establish probable cause for the search and that the evidence Deputy Kavanaugh observed through the window of the Kia was admissible under the plain view doctrine. On 7 February 2017, Lewis pleaded guilty to all of the charges, reserving his right to appeal the denial of his motion to suppress. The trial court sentenced Lewis to three consecutive terms of 103-136 months in prison. Lewis timely appealed.
 

 *370
 

 Analysis
 

 Lewis argues that the trial court erred in denying his motion to suppress because the affidavit Detective Tart submitted with the search warrant application was insufficient to establish probable cause for a search of the house and two cars at 7085 Laurinburg Road, rendering the search warrant and search invalid. Lewis contends that the affidavit failed to establish a connection between him, the address on Laurinburg Road, the two cars listed on the warrant, and the crimes. As explained below, we hold that the warrant established probable cause to search the two vehicles located at 7085 Laurinburg Road, but not the home itself.
 

 Our review of a trial court's denial of a motion to suppress is "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law."
 
 State v. Cooke
 
 ,
 
 306 N.C. 132
 
 , 134,
 
 291 S.E.2d 618
 
 , 619 (1982). "We review
 
 de novo
 
 a trial court's conclusion that a magistrate had probable cause to issue a search warrant."
 
 State v. Worley
 
 , --- N.C. App. ----, ----,
 
 803 S.E.2d 412
 
 , 416 (2017).
 

 A search warrant affidavit must contain sufficient information to establish probable cause "to believe that the proposed search for evidence probably will reveal the presence upon the described premises of the items sought and that those items will aid in the apprehension or conviction of the offender."
 
 State v. Arrington
 
 ,
 
 311 N.C. 633
 
 , 636,
 
 319 S.E.2d 254
 
 , 256 (1984). "A magistrate must make a practical, common-sense decision, based on the totality of the circumstances, whether there is a fair probability that contraband will be found in the place to be searched."
 
 State v. McKinney
 
 ,
 
 368 N.C. 161
 
 , 164,
 
 775 S.E.2d 821
 
 , 824 (2015). "[T]he affidavit in support of a search warrant must establish a nexus between the objects sought and the place to be searched."
 

 *216
 

 State v. Oates
 
 ,
 
 224 N.C. App. 634
 
 , 644,
 
 736 S.E.2d 228
 
 , 235 (2012).
 

 "This standard for determining probable cause is flexible, permitting the magistrate to draw reasonable inferences from the evidence in the affidavit supporting the application for the warrant."
 
 McKinney
 
 ,
 
 368 N.C. at 164
 
 ,
 
 775 S.E.2d at 824-25
 
 (citations omitted). "That evidence is viewed from the perspective of a police officer with the affiant's training and experience and the commonsense judgments reached by officers in light of that training and specialized experience."
 
 Id.
 
 at 164-65,
 
 775 S.E.2d at 825
 
 (citations omitted). "When reviewing a magistrate's determination of probable cause, this Court must pay great deference and sustain the magistrate's determination if there existed a substantial basis for the magistrate to conclude that articles searched for were probably
 
 *371
 
 present."
 
 State v. Parson
 
 , --- N.C. App. ----, ----,
 
 791 S.E.2d 528
 
 , 536 (2016). In doing so, this Court "should not invalidate warrants by interpreting affidavits in a hypertechnical, rather than a commonsense, manner."
 
 State v. Allman
 
 ,
 
 369 N.C. 292
 
 , 294,
 
 794 S.E.2d 301
 
 , 303 (2016). "The resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants."
 
 State v. Riggs
 
 ,
 
 328 N.C. 213
 
 , 222,
 
 400 S.E.2d 429
 
 , 435 (1991). "[A]s long as the pieces fit together well and yield a fair probability that a police officer executing the warrant will find contraband or evidence of a crime at the place to be searched, a magistrate has probable cause to issue a warrant."
 
 Allman
 
 ,
 
 369 N.C. at 294
 
 ,
 
 794 S.E.2d at 303
 
 .
 

 With this precedent in mind, we turn to Lewis's arguments on appeal. At the outset, we acknowledge that the warrant application is missing a key fact known to law enforcement that, if included, would have made this a far easier case. Specifically, the warrant application did not describe how the officers linked Lewis to the 7085 Laurinburg Road address-for example, there is no statement in the warrant application that, after identifying Lewis as the suspect, law enforcement searched records and determined that 7085 Laurinburg Road was Lewis's current residence. The only information in the affidavit linking Lewis to 7085 Laurinburg Road is the fact that officers arrested Lewis at that location.
 

 We begin with the probable cause to search the two vehicles located at that residence. Although the affidavit could have been more detailed, we hold that it contained enough information, together with reasonable inferences drawn from that information, to establish a substantial basis to believe that the evidence sought probably would be found in the blue Nissan Titan and Kia Optima located at 7085 Laurinburg Road.
 
 Parson
 
 , --- N.C. App. at ----,
 
 791 S.E.2d at
 
 536 ;
 
 Allman
 
 ,
 
 369 N.C. at 294
 
 ,
 
 794 S.E.2d at
 
 303 ;
 
 see also
 

 State v. Spillars
 
 ,
 
 280 N.C. 341
 
 , 350,
 
 185 S.E.2d 881
 
 , 887 (1972).
 

 Specifically, Detective Tart's affidavit described the four robberies in detail including similarities in the manner of the crimes and the descriptions of the suspect. All four robberies involved a suspect with a blue cover over his head and face, wearing dark clothing, and carrying a handgun who robbed retail locations in a relatively close geographic area. The affidavit also stated that witnesses saw the suspect in the first robbery leave the scene in a dark blue Nissan Titan with North Carolina registration. A law enforcement officer saw the suspect in the fourth robbery flee the scene in a Kia Optima. That officer identified the suspect as Lewis based on a previous encounter with him in which the officer was concerned that Lewis was casing a different retail location.
 

 *372
 
 Finally, the affidavit stated that officers located and arrested Lewis at 7085 Laurinburg Road and, while making the arrest, saw a dark blue Nissan Titan at that location.
 

 The affidavit also contained much more detailed information about the two vehicles to be searched, including the color, year, make, model, NC registration, and VIN number for each vehicle. The affidavit did not explain how law enforcement obtained this information.
 

 But even setting this detailed information aside, the affidavit contained sufficient information to justify a search of a dark blue Nissan Titan and a Kia Optima found at 7085 Laurinburg Road. The affidavit established
 
 *217
 
 probable cause to believe Lewis was the suspect who committed four robberies at retail establishments in Hoke and Johnston counties while wearing a blue face cover and dark clothing, and carrying a handgun. In the first robbery, witnesses saw the suspect flee in a dark blue Nissan Titan. In the fourth robbery-which occurred the same day that Detective Tart submitted the warrant application and affidavit-a law enforcement officer saw Lewis flee the scene of the robbery in a Kia Optima. Later on the same day of the fourth robbery, officers arrested Lewis at 7085 Laurinburg Road and saw a dark blue Nissan Titan at that location during the arrest.
 

 Simply put, the "pieces fit together well and yield a fair probability that a police officer executing the warrant will find contraband or evidence of a crime at the place to be searched."
 
 Allman
 
 ,
 
 369 N.C. at 294
 
 ,
 
 794 S.E.2d at 303
 
 . There was evidence that the same suspect committed four robberies, the first while driving a dark blue Nissan Titan and the fourth while driving a Kia Optima. Later on the same day of the fourth robbery, officers arrested Lewis. When they located him they saw-of all the makes, models, and colors of all the vehicles in the world-a dark blue Nissan Titan, matching the description of the vehicle used in the first robbery. These facts were more than sufficient for the magistrate to conclude that, if officers returned to that location and found a dark blue Nissan Titan and a Kia Optima there, there was probable cause to believe those vehicles contained evidence connected to the robberies.
 
 Parson
 
 , --- N.C. App. at ----,
 
 791 S.E.2d at
 
 536 ;
 
 Allman
 
 ,
 
 369 N.C. at 294
 
 ,
 
 794 S.E.2d at 303
 
 . Accordingly, we hold that there was probable cause to issue a search warrant for the dark blue Nissan Titan and Kia Optima located at 7085 Laurinburg Road.
 

 Lewis also challenges the search of the residence at 7085 Laurinburg Road. We agree with Lewis that the warrant application and affidavit fail to establish probable cause to search this home. As the State concedes, although Lewis resided at 7085 Laurinburg Road, the affidavit does
 
 *373
 
 not say that. The only information in the affidavit tying Lewis to 7085 Laurinburg Road is the statement that Hoke County officers observed a dark blue Nissan Titan "at the residence of 7085 Laurinburg Road ... when serving a felony arrest warrant on Robert Lewis issued by Smithfield Police Department." As explained above, this statement is sufficient to establish that Lewis was
 
 found
 
 at that location; but it does not follow from that statement that Lewis also must
 
 reside
 
 at that location. Indeed, from the information in the affidavit, 7085 Laurinburg Road could have been a someone else's home with no connection to Lewis at all. That Lewis visited that location, without some indication that he may have stowed incriminating evidence there, is not enough to justify a search of the home.
 
 See
 

 McKinney
 
 ,
 
 368 N.C. at 165-66
 
 ,
 
 775 S.E.2d at
 
 825-26 ;
 
 State v. Campbell
 
 ,
 
 282 N.C. 125
 
 , 131-32,
 
 191 S.E.2d 752
 
 , 756-57 (1972). Accordingly, we agree with Lewis that the trial court should have granted his motion to suppress with respect to the search of the home.
 

 On appeal, neither party addressed which evidence officers seized from the vehicles and which evidence they seized from the home, and the record on appeal is insufficient for this Court to answer the question. Accordingly, we vacate Lewis's convictions and remand this case with instructions for the trial court to allow Lewis's motion to suppress the evidence seized from the residence located at 7085 Laurinburg Road. The trial court properly denied the motion to suppress with respect to the vehicles, and any evidence seized in those separate searches is admissible.
 
 See
 

 State v. Edwards
 
 ,
 
 185 N.C. App. 701
 
 , 704,
 
 649 S.E.2d 646
 
 , 649 (2007) ;
 
 State v. McKinney
 
 ,
 
 361 N.C. 53
 
 , 58,
 
 637 S.E.2d 868
 
 , 872 (2006).
 

 In light of our ruling, we need not address Lewis's argument that a separate search of the Kia Optima was not supported by the plain view doctrine. The incriminating evidence that this other officer saw through the car window (a bank bag from BB&T and dark clothing) was not included in the warrant application and accompanying affidavit. Thus, even if this search through the car window was impermissible, it would not render the search warrant, based on separate
 
 *218
 
 evidence, invalid.
 
 McKinney
 
 ,
 
 361 N.C. at 59
 
 ,
 
 637 S.E.2d at 873
 
 .
 

 Conclusion
 

 For the reasons discussed above, we vacate the trial court's judgments and remand for further proceedings consistent with this opinion.
 

 VACATED AND REMANDED.
 

 Judges HUNTER, JR. and ARROWOOD concur.