BERGER, Judge.
On December 13, 2017, Scott A. Foster ("Defendant") pleaded no contest to one count of possession of a firearm by a felon and one count of possession of methamphetamine. Before Defendant entered his plea, Defendant moved to suppress evidence obtained pursuant to a search warrant. The trial court denied the motion to suppress and Defendant timely appealed. On appeal, Defendant contends that probable cause did not exist to issue the search warrant because the officers relied on uncorroborated information provided by an unreliable informant. We disagree.
Factual and Procedural Background
On January 15, 2017, Officer Cody Gordon ("Officer Gordon") of the Columbus Police Department arrested Christina Jackson ("Jackson"), for shoplifting. Officer Gordon searched Jackson incident to arrest and found one gram of methamphetamine. Following her arrest, Jackson informed Officer Gordon from where she had obtained the methamphetamine. Jackson provided a description of, and directions to, a house that Officer Gordon had heard was involved in drug use.
On January 17, 2017, Sergeant Scott Hamby ("Sergeant Hamby") began an investigation based on the information that Officer Gordon had received from Jackson. Sergeant Hamby followed the directions provided by Jackson to 198 E. Constance Street in Raleigh. The house matched the description Jackson had given Officer Gordon. As he pulled away, Miriam Lindsey ("Lindsey") stopped him. Lindsey informed Sergeant Hamby that the house belonged to Defendant and his wife. Lindsey stated that she picks up Defendant's wife every day for work and also stated that Defendant does not work. Sergeant Hamby subsequently learned by conducting a database search that Defendant had previously been charged with two counts of possession with intent to sell and deliver cocaine. Sergeant Hamby also obtained a photograph of Defendant along with a physical description.
On January 18, 2017, Officer Gordon met with Jackson and her mother. Following Jackson's directions, Officer Gordon drove Jackson and her mother to the house from where she had purchased the methamphetamine that was found on her three days earlier. Jackson identified the house as 198 E. Constance Street. Later that day, Jackson identified Defendant in a line-up as an individual she had seen in the home during the drug transaction at 198 E. Constance Street.
Based on the information provided by Jackson, Sergeant Hamby applied for a warrant to search Defendant and the house at 198 E. Constance Street. After reviewing the affidavit and application, the magistrate determined that there was probable cause to issue the search warrant. Sergeant Hamby executed the search warrant later that day and found two firearms, ammunition, methamphetamine, marijuana, and drug paraphernalia. Sergeant Hamby seized these items and arrested Defendant for possession of a firearm by a felon, possession of marijuana, and possession of methamphetamine.
On November 7, 2017, Defendant filed a motion to suppress evidence obtained from the search and argued the magistrate had lacked probable cause to issue the search warrant. Defendant asserted that evidence to support probable cause was insufficient because the information on which the search warrant was based upon had been obtained through the use of uncorroborated information provided by an unreliable informant. The trial court determined that Jackson was credible and reliable, and denied Defendant's motion to suppress because Jackson had provided a written statement describing the house, had identified Defendant in a photo line-up, and had taken Officer Gordon to the house she described.
Defendant timely appealed, and argues that the trial court erred (1) because the affidavit used in the application for the search warrant did not establish probable cause; and (2) because there is not a good-faith exception that applies to violations of rights guaranteed under the North Carolina Constitution that would allow for the introduction at trial of evidence obtained from the illegal search pursuant to State v. Carter , 322 N.C. 709, 370 S.E.2d 553 (1988). We disagree.
Standard of Review
"[A] reviewing court is responsible for ensuring that the issuing magistrate had a substantial basis for concluding that probable cause existed." State v. McKinney, 368 N.C. 161, 165, 775 S.E.2d 821, 825 (2015) (purgandum[1] ). "Further, appellate court review of a magistrate's probable cause decision is not subject to a technical de novo review, but is limited to whether the evidence as a whole provided a substantial basis for a finding of probable cause." State v. Rodgers, 161 N.C. App. 311, 314, 588 S.E.2d 481, 483 (2003) (citations and quotation marks omitted). "[R]eviewing courts are to pay deference to judicial determinations of probable cause ... and the 'resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.' " State v. Witherspoon , 110 N.C. App. 413, 420-21, 429 S.E.2d 783, 787 (1993) (quoting United States v. Ventresca , 380 U.S. 102, 109 (1965) ).
Analysis
I. Magistrate's Determination of Probable Cause
The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
U.S. Const. amend. IV.
" Article I, Section 20 of the Constitution of North Carolina likewise prohibits unreasonable searches and seizures and requires that warrants be issued only on probable cause." State v. Allman, 369 N.C. 292, 293, 794 S.E.2d 301, 303 (2016). "Probable cause does not mean actual and positive cause nor import absolute certainty." State v. Arrington , 311 N.C. 633, 636, 319 S.E.2d 254, 256 (1984). "Probable cause ... means a reasonable ground to believe that the proposed search will reveal the presence upon the premises to be searched of the objects sought and that those objects will aid in the apprehension or conviction of the offender." State v. Campbell , 282 N.C. 125, 128-29, 191 S.E.2d 752, 755 (1972) (citation omitted).
This standard for determining probable cause is flexible, permitting the magistrate to draw reasonable inferences from the evidence in the affidavit supporting the application for the warrant, and from supporting testimony[.] That evidence is viewed from the perspective of a police officer with the affiant's training and experience, and the commonsense judgements reached by officers in light of that training and specialized experience.
McKinney , 368 N.C. at 164-65, 775 S.E.2d at 824-25 (citations and quotation marks omitted).
"When making a determination of probable cause, the magistrate may not consider evidence outside the four corners of the affidavit, unless the information is either recorded or contemporaneously summarized in the record or on the face of the warrant by the issuing official." State v. Parson , --- N.C. App. ----, ----, 791 S.E.2d 528, 536 (2016) (citation and quotation marks omitted). "Under our statutes a magistrate issuing a warrant can base a finding of probable cause only on statements of fact confirmed by oath or affirmation of the party making the statement, or on information which the magistrate records or contemporaneously summarizes in the record [pursuant to N.C. Gen. Stat. § 15A-244 and N.C. Gen. Stat. § 15A-245(a) ]." State v. Teasley, 82 N.C. App. 150, 156-57, 346 S.E.2d 227, 231 (1986) (citation and quotation marks omitted).
This Court looks at the totality of the circumstances when evaluating the sufficiency of the evidence used to establish probable cause. "The applicable test is whether, given all the circumstances set forth in the affidavit before the magistrate ... there is a fair probability that contraband ... will be found in a particular place." State v. Riggs , 328 N.C. 213, 218, 400 S.E.2d 429, 432 (1991) (purgandum ).
Our Supreme Court has held that "[a]s for the amount of detail in the citizen's complaint, an officer may rely upon information received through an informant, rather than upon his direct observations, so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge." McKinney , 368 N.C. at 165, 775 S.E.2d at 825 (citations and quotation marks omitted). "[E]ven if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles his tip to greater weight than might otherwise be the case." Witherspoon , 110 N.C. App. at 418, 429 S.E.2d at 786 (quoting Illinois v. Gates , 462 U.S. 213, 234 (1983) ). "Several factors are used to assess reliability [of an informant's tip] including: (1) whether the informant was known or anonymous, (2) the informant's history of reliability, and (3) whether the information provided by the informant could be and was independently corroborated by the police." State v. Oates , 224 N.C. App. 634, 642, 736 S.E.2d 228, 234 (2012) (citations and quotation marks omitted).
This case presents a similar factual and legal scenario as in State v. Jackson , --- N.C. App. ----, 791 S.E.2d 505 (2016), aff'd , 370 N.C. 337, 807 S.E.2d 141 (2017). In Jackson , this Court concluded that a police officer using an informant who had been arrested for marijuana possession was sufficiently reliable to support the magistrate's probable cause determination, and the trial court's denial of the defendant's motion to suppress was affirmed. Id. at ----, 791 S.E.2d at 515.
In Jackson, the informant had been arrested for possession of marijuana and agreed to tell the police from where she had obtained the marijuana. Id. at ----, 791 S.E.2d 507. The informant provided the defendant's name and made statements against her penal interests when she stated that she had obtained marijuana from the defendant at his home on multiple occasions. Id. She provided the detective with the address and described the home with specificity stating that it was a "modular home/trailer," located on the left side of the forked road near a wooded area. Id. The detective provided the information obtained from the informant to another law enforcement officer. That officer was able to corroborate the information. Id. The detective then searched a law enforcement database and found that the defendant's address matched the information provided by the informant. Id. An affidavit attached to the application for the search warrant included a description of the information provided by the informant and the defendant's criminal history. Id. at ----, 791 S.E.2d at 707-08.
This Court concluded that the informant's statements against her penal interest "carry their own indicia of credibility sufficient to support a finding of probable cause to search." Id. at ----, 791 S.E.2d at 512 (citation and quotation marks omitted). Moreover, additional information set forth in the officer's affidavit demonstrated sufficient indicia of reliability. Id. at ----, 791 S.E.2d at 513. Although the informant did not have a "track record" of providing information to the police, "[t]he confidential informant had first-hand knowledge of the facts she provided." Id. at ----, 791 S.E.2d at 513. In addition, the detective was able to corroborate the information by having the captain drive to the location and confirm the description provided by the informant. Id. at ----, 791 S.E.2d at 514. The detective also confirmed the information by checking a law enforcement database. Id. Lastly, although the informant had purchased the marijuana two days prior, this Court ruled that "[t]he passage of two days between an informant's observation of criminal activity and an issuance of a search warrant bolsters the reliability of a tip." Id. at ----, 791 S.E.2d at 515.
Here, the trial court concluded that the totality of the circumstances provided sufficient probable cause to issue the search warrant because (1) the request was supported by an affidavit detailing the information Jackson provided to Sergeant Hamby, and (2) "the veracity and reliability of the information was tested and verified by the officers" based upon the contents of Jackson's written statement, her identification of Defendant in the line-up, and her ability to take Officer Gordon to the house where she purchased the methamphetamine. As in Jackson , the informant's statements here regarding the purchase of methamphetamine were against her penal interests.
Sergeant Hamby's application for a search warrant included an affidavit from which the magistrate could conclude there was fair probability that contraband would be found at 198 E. Constance Street. Like in Jackson, Sergeant Hamby's affidavit was supported by Ms. Jackson's statement against her penal interest given to Officer Gordon on January 15, 2017. She had informed Officer Gordon from where she purchased the methamphetamine that had been found on her person. Jackson had provided specific directions to 198 E. Constance Street and described the residence which matched the appearance of the home when Sergeant Hamby drove to that location. After finding the house and talking with Lindsey, he queried the Defendant's name in a law enforcement database and found his prior record for possession with intent to sell and deliver cocaine. Based on his extensive training and experience, Sergeant Hamby included Defendant's photo in a photo line-up with eight other individuals. Sergeant Hamby, in his affidavit and at the motion to suppress hearing stated that he included more photographs in this line-up than was typical protocol to bolster Jackson's reliability. The police in this case went further than in Jackson when they subsequently had Jackson drive with them to 198 E. Constance Street and confirm that it was the location that she had obtained the methamphetamine, thereby further corroborating her information.
Therefore, although Ms. Jackson did not have a "track record" of providing reliable information to the police, the information she did provide showed indicia of reliability because it was an explicit and detailed account regarding her first-hand involvement in the drug transaction at 198 E. Constance Street. The information she provided was confirmed by the officers. Based on the totality of the circumstances available to the magistrate at the time the search warrant was issued, there was a substantial basis for the finding of probable cause. We affirm the trial court's denial of Defendant's motion to suppress.
II. Good Faith Exception to the Exclusionary Rule
Defendant also argued that if this Court finds that the magistrate did not have probable cause to issue the search warrant, the warrant should be void because the good-faith exception to the exclusionary rule does not apply to violations of rights guaranteed under the North Carolina Constitution. Because we found that the magistrate had probable cause, we need not reach this argument.[2]
Conclusion
Based on the totality of the circumstances, the magistrate had a substantial basis to conclude that probable cause existed to issue the search warrant.
AFFIRMED.
Report per Rule 30(e).
Judges STROUD and DIETZ concur.

Our shortening of the Latin phrase "Lex purgandum est. " This phrase, which roughly translates "that which is superfluous must be removed from the law," was used by Dr. Martin Luther during the Heidelberg Disputation on April 26, 1518 in which Dr. Luther elaborated on his theology of sovereign grace. Here, we use purgandum to simply mean that there has been the removal of superfluous items, such as quotation marks, ellipses, brackets, citations, and the like, for ease of reading.

We note that Defendant argues State v. Carter, 322 N.C. 709, 370 S.E.2d 553 (1988) stands for the proposition that there is no good faith exception to the exclusionary rule. However, the language in Carter detailing the good-faith exception has been superseded by Section 15A-974 of the North Carolina General Statutes : "Evidence shall not be suppressed under this subdivision if the person committing the violation of the provision or provisions under this Chapter acted under the objectively reasonable, good faith belief that the actions were lawful." N.C. Gen. Stat. § 15A-974 (2018).